IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FARMERS INSURANCE COMPANY
OF ARIZONA et al.,

        Plaintiffs,

        v.                                                              Civ. No. 19-738 SCY/CG

RACHEL E. HIGGINS et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS OR STAY

This case stems from a double homicide that took place inside a motor vehicle. Defendants are personal representatives and/or legal guardians of the victims of the homicide. Plaintiffs are insurance companies who issued various insurance policies on which Defendants are attempting to collect. Defendants are trying to collect on these policies by making claims for uninsured motorist ("UM") benefits and suing in state court. Specifically, Defendants filed a state court lawsuit against Plaintiffs and the tortfeasor, bringing claims for UM benefits and extra-contractual damages against the insurance defendants, and wrongful death against the tortfeasor. Shortly after Defendants filed their state court lawsuit, Plaintiffs filed suit in this Court, seeking a declaration that UM coverage does not exist for this incident. Because this lawsuit precisely duplicates an issue that the state court will address in the underlying lawsuit, the Court exercises its discretion not to rule on the request for a declaratory judgment.

## BACKGROUND

Plaintiffs Farmers Insurance Company of Arizona, Mid-Century Insurance Company, and 21st Century Centennial Insurance Company are insurance companies authorized to transact

business in New Mexico. Doc. 1 (Compl.) ¶ 1. None of them are citizens of New Mexico. *Id.* Defendants are either insureds or may claim to be an insured under insurance policies Plaintiffs have issued or, alternatively, support a position of coverage adverse to Plaintiffs. *Id.* ¶ 6. Defendant Rachel E. Higgins is the personal representative of the estate of Justin R. Luksich. *Id.* ¶ 2. Defendants Raymond Luksich, Jr. and Angel Luksich are the legal guardians of Justin R. Luksich, Jr., the minor child of Justin R. Luksich. *Id.* ¶ 3. Defendant Aaron Garrett is the personal representative of the estate of Angel Garcia. *Id.* ¶ 4. Defendant Derek Hightree is the natural parent of Aysia Hightree, the minor child of Angel Garcia. *Id.* ¶ 5. All Defendants are citizens of New Mexico. *Id.* ¶¶ 2-5. The amount in controversy exceeds $75,000. *Id.* ¶ 7. Thus, the Court has diversity jurisdiction over this case.

On June 28, 2013, Justin R. Luksich and Angel Garcia were sitting in a motor vehicle with Raul Romero, when Romero shot and killed Luksich and Garcia. *Id.* ¶ 21. On the theory that Romero used the vehicle as an active accessory in committing a violent act against Luksich and Garcia, Defendants filed a lawsuit in state court on June 11, 2019 against the Plaintiffs and Romero. *Id.* ¶¶ 7, 22; Doc. 1-1. The state court complaint contained four counts: UM insurance benefits against the insurance companies (Count I); bad faith against the insurance companies (Count II); violations of the New Mexico Insurance Code against the insurance companies (Count III); and wrongful death against Romero (Count IV). Doc. 1-1. Because Romero is a citizen of New Mexico, Doc. 1-1 at 2 ¶ 5, complete diversity of citizenship does not exist and so the case is not removable to federal court. The case was filed in Santa Fe County, even though none of the defendants are residents of that county and the events giving rise to the lawsuit occurred in Colfax County. Doc. 18 at 3. On that basis, the insurance companies filed a motion to dismiss for improper venue, which was denied by the state court because one of the personal

representatives resides in Santa Fe and is a proper plaintiff.[1] Doc. 18 at 17-24; Doc. 20 at 3-4. The suit is currently ongoing in that court. *See Higgins v. Romero*, No. D-101-CV-2019-01546 (N.M. First Jud. Dist. Ct. filed June 11, 2019).

On August 13, 2019, Plaintiffs filed the instant lawsuit in this Court, seeking a declaratory judgment that coverage does not exist under the relevant UM insurance policies for the murder of Luksich and Garcia. Doc. 1. Specifically, Plaintiffs request:

> Judgment, declaration and decree that there is no coverage under the various policies for any benefits including, but not limited to, those for UMBI coverages, to the Defendants for claims made in the underlying suit.

Compl. at 9.

Defendants filed the instant motion to dismiss or stay on November 12, 2019. Doc. 15. Defendants argue that the state-court case "addresses the same issues presented in this matter, joins all necessary parties and additional causes of action to fully resolve all claims between the parties in the most judicially efficient and economical manner" and that this Court should exercise its discretion not to issue a declaratory judgment. Doc. 15 at 1. Plaintiffs responded in opposition on December 10, Doc. 18, and Defendants filed a reply on January 13, 2020, Doc. 20. Briefing is complete and the matter is ready for decision.[2]

## **DISCUSSION**

Under 28 U.S.C. § 2201, the Court has discretion over whether to hear a declaratory judgment action. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995) (the statute "vest[s]

---

[1] A motion for reconsideration of this decision is currently pending. Although neither party alerted the Court to the pendency of this motion, the Court may take judicial notice of it. *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007). The pending motion does not alter the Court's analysis.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 8, 9, 10.

district courts with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp"); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994) ("The Supreme Court as long made clear that the Declaratory Judgment Act gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.").

"Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). The district court "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989). In *State Farm Fire & Casualty Co. v. Mhoon*, the Tenth Circuit set forth a number of factors to consider when making this determination:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

31 F.3d at 983 (alterations in original; block quotation omitted). The touchstone of the inquiry is "whether the claims of all parties in interest can satisfactorily be adjudicated in the state court proceeding." *Wilton*, 515 U.S. at 283.

The Count finds that these factors weigh in Defendants' favor in this case and that the state court will provide a satisfactory adjudication of this controversy.

1. <u>Whether a declaratory judgment would settle the controversy</u>

Plaintiffs argue that a declaratory judgment in this case would settle the legal issues between the two parties in this case, leaving only the Defendants' wrongful death claim against Romero to be adjudicated in the insurance companies' absence. Doc. 18 at 7. However, Plaintiffs' argument misses an important aspect of the state-court case. Even if this Court were to issue a decision in Plaintiffs' favor, that decision would not necessarily resolve all of Defendants' extra-contractual claims against Plaintiffs. Resolving the issue of coverage in Plaintiffs' favor, for instance, would not necessarily resolve the issue of whether the insurance companies failed to timely and reasonably communicate with their insureds. *E.g.*, Doc. 1-1 ¶ 24(C) (alleging the insurance companies "fail[ed] to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement"). Ruling on a declaratory judgment that relates to only part of the dispute between the parties would be inefficient. *See Nationwide Mut. Ins. Co. v. C.R. Gurule, Inc.*, 148 F. Supp. 3d 1206, 1226 (D.N.M. 2015) (issuing a declaratory judgment on coverage would not settle the issues where "the parties must also resolve the [insureds]' unfair practices claims").

2. <u>Whether a declaratory action would serve a useful purpose</u>

It is undisputed that the state-court case involves all the issues and all the parties that are before this Court. Issuing a declaratory judgment on the same issue pending before another court is not a useful purpose under the Act. Plaintiffs argue that it would serve a useful purpose because it would "settle the controversy" between the parties. Doc. 18 at 7. As discussed above, that is not entirely correct.

3. Procedural fencing

The third factor inquires whether the declaratory judgment action is being used for the purpose of procedural fencing. Defendants argue Plaintiffs are engaging in procedural fencing because they are already joined in a non-removable lawsuit in a state court poised to adjudicate the precise issue raised in a declaratory judgment action in federal court. Doc. 15 at 5. On the other hand, Plaintiffs accuse Defendants of procedural fencing because Defendants filed in a state forum unrelated to the parties and the place of the tort. Doc. 18 at 3-4. In *Nationwide Mutual Insurance Co.*, Judge Browning recognized similar concerns: "The practice of New Mexico plaintiffs' lawyers going to Rio Arriba and San Miguel [or Santa Fe and Las Vegas] courts to file lawsuits when the events occurred in Albuquerque is well known and has been criticized." 148 F. Supp. 3d at 1231. Even so, Judge Browning continued, "[i]t is not the role of the federal court sitting in New Mexico to criticize or comment on New Mexico's policy decision to allow or condone venue procedures. That procedure is a policy decision for the State of New Mexico." *Id.* If Defendants have forum shopped for a perceived advantage in the underlying case, state law has permitted it do so, as demonstrated by the state court's denial of Plaintiffs' motion to dismiss for improper venue.[3] Federal declaratory judgments are not a tool designed to second-guess the state's policy choices on venue.

4. Friction between federal and state courts

Defendants argue that state law governs the interpretation of the insurance contract at issue in this case under the principles of diversity jurisdiction. Doc. 15 at 6. There are no federal

---

[3] If the state court reconsiders its decision that Santa Fe is a proper venue and transfers the case to a venue Plaintiffs consider appropriate, the strength of Plaintiffs' argument that it is Defendants who are engaging in procedural fencing will only be reduced.

6

issues or interests in this case. And Plaintiffs acknowledge that "the state court likely would give deference to the federal decision, assuming it occurred first." Doc. 18 at 7. The Court finds that, under these circumstances, proceeding in this declaratory judgment suit would likely lead to friction between federal and state courts. *Brillhart*, 316 U.S. at 495 ("it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties").

Plaintiffs nonetheless argue that "there would be no improper encroachment upon state jurisdiction" because this Court would simply determine how "the facts, which are likely to be largely undisputed," apply to "settled" issues of state law. Doc. 18 at 7; *see also* Doc. 18 at 6-7 ("Further, there can be no argument that deference should be made to New Mexico courts because there is any unsettled and dispositive law which New Mexico courts should first develop before federal courts rule on similar disputes."). The Court disagrees that the issues of state law in this case are well settled. For example, Plaintiffs indicate that, in their view, "[t]he primary and virtually sole issue to be determined . . . will be whether or not the vehicle in which Justin Luksich and Angel Garcia were killed by Mr. Romero was an uninsured motor vehicle." Doc. 18 at 2. On the other hand, Defendants frame the issue as turning on the allegation that "Romero was an uninsured motorist as that term is defined under New Mexico law." Doc. 1-1 at 3 ¶ 14. This Court just issued an opinion on whether New Mexico UIM law focuses on the status of the vehicle (as an uninsured motor vehicle) or the driver (an uninsured motorist), and concluded that the answer is unclear. *Ammons v. Sentry Ins. Co.*, No. 19-cv-419 SCY/JHR, 2019 WL 7372917, at *6-10 (D.N.M. Dec. 31, 2019). The presence of unsettled issues of state law, that are also

7

pending before a state court, constitutes good grounds to defer to adjudication by the state court. *Nationwide Mut. Ins. Co.*, 148 F. Supp. 3d at 1229.

     5.    <u>Alternative remedy that is better or more effective</u>

The application of the factors above indicates that the existing state-court case is both a better and more effective remedy than this declaratory judgment action. Plaintiffs' arguments to the contrary are not persuasive. Plaintiffs contend that the state-court case should be dismissed for improper venue, which would necessitate re-filing and delay the entire process. Doc. 18 at 7-8. The effectiveness of this argument is limited by the contingencies on which it depends. First, the state court has declined to dismiss the case for improper venue and what the state court has done is much more significant than Plaintiffs' view of what the state court should have done. Second, although a motion for reconsideration is pending, how the state court might rule on this pending motion is a matter of speculation. Third, even if the state court agreed that the current venue is improper, it is not certain that the state court would dismiss the case rather than transfer it to another jurisdiction. And, fourth, as the Court discusses next, the benefit that could be wrought through a quicker federal court decision is questionable.

Plaintiffs argue that the federal court will be able to quickly issue a decision that would be delayed in state court. *Id.* at 8. This may be true, but to what end? As set forth above, while a federal court decision might narrow the issues pending in state court, it would not resolve all of them. And, the benefit to be gained by more quickly narrowing some of these issues is outweighed by the detriment of not allowing the court that will try the case to decide those issues in the first instance.

Finally, Plaintiffs argue that the Tenth Circuit's decision in *State Farm Fire & Casualty Co. v. Mhoon* supports the exercise of declaratory judgment power in this case. Doc. 18 at 5. Plaintiffs observe that "[t]he determination in *Mhoon* over the insurer's duty to defend was

evaluated specifically through an analysis of well-settled substantive law of insurance coverage in New Mexico." *Id.* "There was no federal question to be determined nor did the federal district court apply any substantive law of the United States in making its determination as to the insurer's coverage responsibilities." *Id*. Although these statements about *Mhoon* are correct, Plaintiffs' argument fails to recognize the main holding of *Mhoon*: federal district courts have *discretion* to issue a declaratory judgment under such circumstances; *Mhoon* does not hold that federal district courts *should* or *must* exercise such discretion. 31 F.3d at 983 ("[T]his circuit has repeatedly over the years held that on appeal it will not engage in a de novo review of all the various fact-intensive and highly discretionary factors involved. Instead, it will only ask whether the trial court's assessment of them was so unsatisfactory as to amount to an abuse of discretion.").

In addition, the procedural history of *Mhoon* differed from the present case in one crucial respect: there, the underlying state court case did not include the insurance companies as parties or implicate the issue of insurance coverage. It involved only the insured and the tortfeasor. *Id.* at 984. In fact, much of the language in *Mhoon* indicates that the decision might have come out differently had these crucial facts been otherwise: "Neither party before us has suggested that State Farm was, or could have been made, a party to the state tort action, thus obviating any need for an independent declaratory action and providing a simpler and more efficient resolution of State Farm's obligations toward Mhoon." *Id.* In *Mhoon*, adjudicating the federal case "involved no matter, factual or legal, at issue in the state case," and the coverage issue was not "a complicated one." *Id.* "This is not a case, therefore, where the district court found a material factual dispute and proceeded to resolve it in the face of ongoing state proceedings on the same

subject." *Id.* "*That would present quite a different issue . . . .*" *Id.* (emphasis added). The Court concludes that *Mhoon* undermines, rather than supports, Plaintiffs' position in this case.

In an attempt to show that the relief they request is regular and proper, Plaintiffs also cite a lengthy list of cases where "rights and obligations of insurers and insureds" were determined in federal court applying state law. Doc. 18 at 6.[4] But not one of these cases involved "ongoing state proceedings on the same subject." *Cf.* 31 F.3d at 984. Plaintiffs do not cite a single example of a federal court ruling on a declaratory judgment despite ongoing state court proceedings involving the same issue and the same parties.

The Court concludes that it will not exercise its discretion to issue a declaratory judgment under the present circumstances.

## CONCLUSION

Defendants' Motion For Dismissal Or Stay (Doc. 15) is GRANTED. The parties do not indicate, however, whether they prefer a dismissal or a stay of this case. The Court directs the parties to confer on this issue and file a joint notice if they agree. If the parties disagree, they shall file competing briefs of no more than five pages, on or before March 9, 2020. If nothing is filed by March 9, 2020, the Court will dismiss this case.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent

---

[4] Plaintiffs cite *State Farm Mut. Auto. Ins. Co. v. Blystra*, 86 F.3d 1007 (10th Cir. 1996); *Hartford Ins. Co. v. Estate of Tollardo*, 409 F. Supp. 2d 1301 (D.N.M. 2005); *Harrison v. Affirmative Ins. Co.*, Civ. No. 06-0552 WPJ/WPL, 2007 WL 9733737 (D.N.M. June 4, 2007); *Gov't Emps. Ins. Co. v. Archuleta*, Civ. No. 11-46 WJ/RHS, 2012 WL 12949980 (D.N.M. Feb. 10, 2012); *State Farm Ins. Co. v. Bell*, 39 F. Supp. 3d 1352 (D.N.M. 2014); *Mendoza v. Dairyland Ins. Co.*, Civ. No. 18-362 SWS/MLC, 2018 WL 7354717 (D.N.M. Dec. 13, 2018).